■ In the Matter of CHARLES M. YOUNG, as Surviving Trustee under Agreement Made by DAVID V. SHAW-KENNEDY, for Benefit of DAVID V. SHAW-KENNEDY, III, and Others, Appellant. DAVID V. SHAW-KENNEDY, III, Respondent.—Interlocutory judgment, Supreme Court, New York County, entered May 2, 1979, modified, in the exercise of discretion, to strike therefrom the provisions that the trustee return to this jurisdiction the assets transferred to the beneficiary's Nevada guardians, that the trustee be suspended as such and forfeit commissions for one year, and that he should be personally held responsible for fees, costs and disbursements of this proceeding; and to remand the proceeding to Special Term, New York County, for the imposition of such sanctions, if any, as are deemed appropriate in the circumstances, without costs. While Special Term had the authority in this accounting proceeding to direct the return of assets and to impose the stated sanctions (EPTL 7-2.6), it does not appear that the trustee's actions in removing the assets to other fiduciaries appointed pursuant to the laws of another jurisdiction under court supervision actually worked any injury to the beneficiary or to the trust estate. This is not to say that this action, taken without application to the courts of this State, was proper or seemly or other than an affront to orderly judicial process. Actually, all that can be said in its favor is that it was seemingly without improper motive and did no harm. However, while the act may be deserving of sanction, we deem those imposed to be more severe than dictated by the circumstances.

Accordingly, we remand for reconsideration of this aspect of the interlocutory judgment. Concur—Sandler, J. P., Markewich, Silverman and Carro, JJ.